IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Midwest Industrial Supply, Inc. <br> 1101 - 3rd St. S.E. <br> Canton, OH 44707 <br><br> Plaintiff, <br><br> -vs.- <br><br> Soilworks, LLC, <br> 681 North Monterey Street <br> Suite 101 <br> Gilbert, Arizona 85233 <br><br> Defendant | CASE NO. <br><br> JUDGE: <br><br> **COMPLAINT FOR:** <br><br> (A) Federal Trademark Infringement; <br> (B) Violation of the Lanham Act; <br> (C) Unfair Competition; <br> (D) Violation Of Ohio Deceptive Trade Practices Act, and <br> (E) Unjust Enrichment. |

Plaintiff Midwest Industrial Supply, Inc. ("Midwest"), by its undersigned attorneys, for its Complaint against the above-captioned Defendant Soilworks, LLC ("Defendant"), alleges as follows:

**THE PARTIES**

1. Midwest is an Ohio corporation having a principal place of business located at 1101 - 3rd St. S.E., Canton, OH 44707.

2. Defendant is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Suite 101, Gilbert, Arizona 85233.

**JURISDICTION AND VENUE**

3. This is an action for trademark infringement, violation of the Lanham Act, unfair competition, *inter alia*. This action arises under the trademark laws of the United States, namely, Title 15 of the United States Code and, more particularly, 15 U.S.C. § 1116-18, inclusive. This

Court has jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(a). This Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States. Jurisdiction is also founded upon a federal question under the Lanham Act and there is also diversity jurisdiction in this action.

4. This Court has personal jurisdiction over Defendant by virtue of, among other things, Defendant's sale of products throughout the United States and Ohio, and because Defendant transacts business and solicits business within the State of Ohio, within this judicial district and elsewhere and because Defendant has committed tortious acts within the State.

5. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b), and/or (c), and 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. Midwest manufacturers, distributes, promotes, markets, and sells dust control, erosion control, soil stabilization and anti-icing/de-icing products and related services for use and/or retail sale to a number of customers in various industries located throughout the United States and the world.

7. During the course of its thirty (30) years in business, Midwest has developed a substantial reputation and good will as a manufacturer of chemical soil stabilization and dust control products, including its products promoted and marketed under various federally registered trademarks, such as Synthetic Organic Dust Control®. Attached herein as Exhibit 1 is

true and accurate copy of Midwest's Synthetic Organic Dust Control® federal trademark registration.

8. Midwest has expended substantial money, good will, and other resources to advertising and promoting each of its trademarks and its chemical soil stabilization and dust control products for commercial purposes.

9. As a result of Midwest's extensive and continuous use of its trademarks in connection with Midwest's products, Midwest's customers and the relevant market recognize and understand Midwest's trademarks as indicating Midwest's proprietary products and services.

10. As a result of Midwest's extensive and continuous use of its trademarks in connection with Midwest's products, Midwest's customers and the relevant market also recognize Midwest's trademarks as emanating from a single source.

11. Midwest has not licensed or otherwise authorized Defendant to use any of Midwest's trademarks.

12. Defendant is a competitor of Midwest.

13. Defendant distributes and markets soil stabilization and dust control agents in interstate commerce.

14. In connection with the advertising and promotion of its soil stabilization and dust control agents, Defendant has used at least Midwest's trademark, Synthetic Organic Dust Control®, in commerce in an attempt to divert sales and goodwill from Midwest, thereby causing confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Midwest, or the origin, sponsorship, or approval of Defendant' products goods, services, or commercial activities by Midwest.

15. Defendant' conduct was intended to cause mistake, deception, and consumer confusion, and was undertaken for the purpose of and with the intention of damaging Midwest's goodwill and reputation in the soil stabilization and dust control industries.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement; False Designation; Unfair Competition**
**(15 U.S.C. §1125(a); §43(a) of the Lanham Act)**

16. Midwest restates and incorporates by reference the allegations set forth in Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant has used and is using Midwest's federally registered mark, Synthetic Organic Dust Control®, in commerce in connection with Defendant' products and services in such a fashion and design as to imitate, counterfeit, copy, and reproduce Midwest's mark and goods.

18. Defendant' use of Midwest's trademark is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with Midwest.

19. Defendant' use of Midwest's trademark has likely caused the consuming public to mistakenly believe that the Defendant' products originate from, are sponsored by, or are associated with Midwest.

20. Defendant' use of Midwest's trademark was committed with the purpose of exploiting and trading on the substantial goodwill and reputation of Midwest.

21. Defendant had actual knowledge of Midwest's exclusive rights in Midwest's trademark and willfully and deliberately infringed Midwest's rights in Midwest's trademark.

22. Defendant' conduct described herein constitutes trademark infringement, unfair competition, false designation of origin, and federal trademark infringement in violation of the Trademark Laws, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Defendant' conduct has caused and continues to cause Midwest severe and irreparable harm that cannot be adequately remedies solely by monetary damages. Unless restrained and enjoined by this Court, Defendant's unlawful actions are likely to continue, to Midwest's harm and detriment.

**SECOND CLAIM FOR RELIEF**
**Unjust Enrichment**

24. Paragraphs 1-23 are incorporated herein as set forth in their entirety.

25. Defendant's use of Midwest's trademarks has resulted in a substantial benefit being conferred upon Defendant, at Midwest's expense, and without payment to Midwest.

26. Defendant's retention of this substantial benefit would be unjust and inequitable.

27. Defendant is obligated to compensate Midwest for the substantial benefit conferred upon them and unjustly retained by them, pursuant to a theory of unjust enrichment.

**THIRD CLAIM FOR RELIEF**
**Ohio Unfair Competition**
**(O.R.C. §4165.02, *et seq*.)**

28. Paragraphs 1-27 are incorporated herein as set forth in their entirety.

29. All of the Defendants' acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code §4165.02, *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, MIDWEST prays that this Court enter an Order comprising:

1. Judgment against Defendant for temporary, preliminary and permanent injunctions granted pursuant to 15 U.S.C. § 1116, enjoining Defendant and its affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendant from using the Trademarks and from otherwise infringing Midwest's trademarks and/or trade names; from competing unfairly with Midwest; from falsely designating the origin of the Defendant's goods and services, from diluting the distinctive quality of Midwest's trademarks, from engaging in deceptive trade practices in violation of 15 U.S.C. § 1051 et seq. and Ohio Revised Code § 4165 et seq.; and from further engaging in unfair competition, and specifically:

(a) using in any manner Midwest's trademarks, any mark or name confusingly similar to any Midwest trademark, or any other mark which so resembles Midwest's marks as to be likely to cause confusion, deception or mistake, on or in connection with the manufacturing, sales, or offer for sale, of abdominal exercise equipment;

(b) passing off, inducing or enabling others to sell or pass off any services as being rendered by Midwest, which services are not in fact rendered by Midwest or belonging to Midwest, under the control, supervision and approval of Midwest, or for sale under the marks owned by Midwest, or any other mark which so resemble Midwest's marks so as to be likely to cause confusion, deception or mistake;

(c) committing any acts, including use of Defendant's trademarks calculated to cause purchasers to believe that Defendant's products and/or services are those sold under the control and supervision of Midwest, or are sponsored, approved, or connected with Midwest, are guaranteed by Midwest, or are rendered under the control and supervision of Midwest;

(d) further diluting and infringing Midwest's trademarks and damaging its goodwill;

(e) rendering any services under the trademarks or any other distinctive design or trademark confusingly similar thereto.

2. An accounting for damages resulting from Defendant's infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Defendant's conduct.

3. Judgment for an award of punitive damages against Defendant and in favor of Midwest by reason of Defendant's unfair competition and palming off.

4. Judgment that costs of this action be awarded Midwest.

5. Judgment that Midwest be awarded its reasonable attorneys' fees along with an assessment of interest on all the damages so computed.

6. Ordering the destruction of any and all materials in Defendant's possession, custody or control bearing a colorable imitation of any of Midwest's trademarks, including but not limited to, actual products, advertisements, website information, packaging, labels, and other printed material, along with the means of making same.

7. Requiring Defendant to account to Midwest for all sales and purchases that have occurred to date, and requiring Defendant to disgorge any and all profits derived by Defendant from selling products using infringing Midwest trademarks.

8. Requiring Defendant to file with this Court and serve on Midwest within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendant has complied with this injunction.

9. Damages according to each and every cause of action alleged herein.

10. Prejudgment interest.

11. Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **BROUSE MCDOWELL**

        /s/ John M. Skeriotis_____
        Craig A. Marvinney, 0004951 (OH)
        cam@brouse.com
        1001 Lakeside Avenue, Suite 1600
        Cleveland, Ohio 44114-1151
        Telephone: (216) 830-6830
        Facsimile: (216) 830-6807

        John M. Skeriotis (#0069263)
        jms@brouse.com
        388 S. Main St., Suite 500
        Akron, OH 44311-4407
        330.535.5711
        330.253.8601 – Facsimile
        *Attorneys for Plaintiff Midwest Industrial Supply, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff Midwest Inc. hereby demands a trial by jury on all issues so triable.

June 6, 2008
Date

/s/ John M. Skeriotis
John M. Skeriotis
*Attorney for Plaintiff Midwest Industrial Supply, Inc.*