**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Industrial Supply, Inc., | ) | CASE NO. 5:08CV 1374 |
| | ) | JUDGE OLIVER |
| | ) | MAGISTRATE JUDGE BAUGHMAN |
| Plaintiff, | ) | |
| | ) | **SOILWORKS, LLC'S** |
| -vs.- | ) | **MOTION TO DISMISS, OR** |
| | ) | **IN THE ALTERNATIVE, MOTION** |
| Soilworks, LLC, | ) | **TO TRANSFER VENUE AND** |
| | ) | **CONSOLIDATE** |
| Defendant. | ) | |

Defendant Soilworks, LLC, ("Soilworks"), pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), respectfully moves the Court to dismiss Plaintiff Midwest Industrial Supply, Inc.'s ("Midwest") Complaint against Soilworks in its entirety. In the alternative, Soilworks respectfully moves the Court to transfer venue pursuant to 28 U.S.C. § 1404(a) in an effort to consolidate this action with a pending action pursuant to Federal Rule of Civil Procedure 42. In support of this Motion, Soilworks submits, and incorporates as if fully rewritten here, the attached Memorandum in Support.

Respectfully submitted,


*/s/Elizabeth A. Ratliff*
Elizabeth A. Ratliff (0075673)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
Telephone:    (216) 479-6100
Facsimile:    (216) 479-6060
e-mail: earatliff@vorys.com

*Attorney for Defendant*
*Soilworks, LLC*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Industrial Supply, Inc., | ) | CASE NO. 5:08CV 1374 |
| | ) | JUDGE OLIVER |
| | ) | MAGISTRATE JUDGE BAUGHMAN |
| Plaintiff, | ) | |
| | ) | **SOILWORKS LLC'S** |
| -vs.- | ) | **MEMORANDUM IN SUPPORT TO** |
| | ) | **MOTION TO DISMISS, OR** |
| Soilworks, LLC, | ) | **IN THE ALTERNATIVE, MOTION** |
| | ) | **TO TRANSFER VENUE AND** |
| Defendant. | ) | **CONSOLIDATE** |

**PRELIMINARY STATEMENT**

Plaintiff Midwest Industrial Supply, Inc's ("Midwest") Complaint should be dismissed because it fails to state a claim for which relief may be granted and is filed in a Court lacking in personam jurisdiction over Defendant Soilworks, LLC ("Soilworks"). Further, Midwest is attempting to adjudicate a claim that (i) is a compulsory counterclaim in an action pending before the United States District Court for the District of Arizona and (ii) is impermissibly duplicative. Midwest's Complaint is little more than a wrongful attempt to remedy its own lack of diligence. Midwest seeks to use this Court to circumvent an existing order issued by the Honorable Judge David Campbell for the United States District Court for the District of Arizona. Based on the foregoing, Midwest's Complaint must be dismissed. In the alternative, the Complaint should be transferred to the United States District Court for the District of Arizona so that it may be consolidated with the pending action which addresses identical questions of law and fact arising from the same transactions and occurrences between the same parties.

## STATEMENT OF FACTS

**A.  The Parties.**

Soilworks is a limited liability company that maintains its principal place of business at 681 North Monterey Street, Gilbert, Arizona  85233.  Soilworks is not organized or licensed under Ohio laws. (Falkenberg Decl., ¶ 4, attached as Exhibit A).   Soilworks does not have any offices, agencies, plants or property located in Ohio.  (*Id*. at ¶ 11).   Soilworks does not have any officers, employees, representatives (distributors or otherwise) who physically reside, work in or are sent to conduct business in Ohio.  (*Id*. at ¶ 5).   Soilworks does not hold any bank accounts, property or assets in Ohio.  (*Id*. at ¶ 6). Soilworks maintains a website that is generally directed at an international market.  (*Id*. at ¶  7). In fact, Soilworks' website is merely intended to provide samples upon request and not for online purchases.  (*Id*.).  Soilworks does not specifically solicit Ohio residents or direct its marketing efforts towards Ohio residents.  (*Id*. at ¶  8).   Soilworks does not provide extensive interactive offerings on its website and or any offerings specifically directed at Ohio residents. (*Id*. at ¶ 9).  Soilwork's does not provide or maintain any channels for advice  directed  at  Ohio  residents.   (*Id*. at ¶ 9).   Soilworks does not design, manufacture or produce any products specifically for use by Ohio residents.  (*Id*. at ¶ 10).  Soilworks does not maintain any significant contacts with Ohio.  (*Id*. at ¶ 12).  Per its most recent records, for the year 2007, Soilworks has shipped two-tenths of one percent (.2%) of its sales to nine (9) customers in the State of Ohio, representing about one percent (1%) of Soilworks' total customers.  (*Id*. at ¶ 13).

Upon information and belief, Midwest is a corporation incorporated under the laws of a state other than Arizona and maintains its principal place of business in Canton, Ohio. (Midwest's Complaint at ¶ 1; Soilworks' Complaint in United States District of Arizona Case No. 2:06-CV-2141, attached hereto as Exhibit B, ¶ 6).

Soilworks manufactures and distributes environmentally-safe soil stabilizers, dust control agents and erosion control agents throughout the United States.  (Soilworks' Complaint, attached

hereto as Exhibit B, at ¶ 7). Soilworks' business is national in scope and Soilworks has earned the respect of distributors, customers and end users throughout the world. (*Id.*)

Midwest competes with Soilworks and embarked on a scheme to injure the reputation that Soilworks has established with its distributors, customers and end users. (*Id.* at ¶ 8). Pursuant to this scheme, Midwest has disparaged Soilworks and its products, falsely represented that Soilworks was infringing alleged patent and trademark rights of Midwest, and falsely represented that Soilworks' products fall within the scope of alleged patent claims owned by Midwest. (*Id.*)

**B.  Factual Background.**

On September 7, 2006, Soilworks filed an action with a demand for a jury trial against Midwest in the United States District Court for the District of Arizona seeking (i) declaratory judgment for noninfringement and for false representation under the Lanham Act, § 43(a); (ii) damages for misappropriation of goodwill, tortious interference with business relationships and expectancy, unfair competition and violations of Arizona common law; and (iii) injunctive relief to prevent any continued harm ("Original Action"). *See* a true and correct copy of the Original Action Complaint attached hereto as Exhibit B.

On March 26, 2007, Midwest filed an Answer and Counterclaims in the Original Action. *See* a true and correct copy of the Original Action Answer and Counterclaims, ¶ 7 of Counterclaims, attached hereto as Exhibit C. Midwest's counterclaims included alleged trademark infringement, false designation, unfair competition, false advertising, declaratory judgment for validity and infringement of U.S. patent No. 7,081,270. *Id*. Midwest identified the subject marks of its trademark infringement counterclaims as "Soil-Sement®, Envirokleen®, EK35®, Road Oyl®, Road Pro NT®, Haul Road Dust Control®, Dustfyghter®, and Diamond Dr®, Arena Rx®, Base-Bldr®, and ROAD-BLDR® (collectively, Midwest's Marks)." *Id*.

Midwest did not include the term "Synthetic Organic Dust Control®[1]" in the subject marks covered by the Counterclaims in the Original Action. *Id*.

On March 26, 2008, eight months after the court-imposed deadline for amendments to pleadings, Midwest filed a Motion for Order seeking leave to amend its counterclaims to include in the defined subject marks the term "Synthetic Organic Dust Control®". *See* a true and correct copy of the Original Action Motion for Order, attached hereto as Ex. D.

On April 14, 2008, Soilworks opposed this Motion for Order asserting Midwest failed to show "good cause" for the undue delay. *See* a true and correct copy of the Original Action Opposition to the Motion for Order, attached hereto as Exhibit E.

On May 22, 2008, the United States District Court for the District of Arizona denied Midwest's Motion for Order. *See* a true and correct copy of the Original Action Order denying Motion for Order, attached hereto as Exhibit F. The Court concluded that Midwest had not relied on notice pleading and noted it had not contested that it deliberately chose not to include the mark "Synthetic Organic Dust Control" "because the level of proof would have been more difficult." *Id*. Despite Soilworks having noted its omission during the course of discovery, Midwest did not file for leave to amend until eight months after the deadline to amend pleadings and the Court held that Midwest "could have included the mark in its original trademark claims or could have sought amendment well in advance of the close of discovery." *Id*.

On June 6, 2008, Midwest filed this action alleging trademark infringement, false designation, Ohio Unfair Competition and Unjust Enrichment. Midwest defined its subject mark as "Synthetic Organic Dust Control®".

**ARGUMENT**

**I.     This Court Lacks Jurisdiction Over Soilworks and, Therefore, Must Dismiss Midwest's Complaint.**

---

[1] The term "Synthetic Organic Dust Control" as used herein refers to the term in both its registered and unregistered status as the disputed mark. Upon information and belief the term "Synthetic Organic Dust Control" was registered after the filing of the Original Action but is of no consequence because section 43(a)(1) of the Lanham Act protects both registered and unregistered trademarks. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

This Court must dismiss Midwest's Complaint as it lacks the ability to exercise personal jurisdiction over Soilworks. Constitutional Due Process mandates that a court have either general or specific jurisdiction over a defendant before it may properly adjudicate an action involving that defendant. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). "General jurisdiction exists when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,'. . .. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court." *Mid-West Materials, Inc. v. Tougher Industries, Inc.*, 484 F.Supp.2d 726, 730 (N.D. Ohio 2007). To exercise specific jurisdiction, this Court must determine that (1) Soilworks "purposefully availed itself of the privilege of acting" in Ohio; (2) Soilworks' activities in Ohio gave rise to this cause of action; and (3) the acts by Soilworks have "substantial enough connection" with Ohio to make reasonable the exercise of jurisdiction." *Id*. Purposeful availment is established when a defendant "has clear notice that it is subject to suit there . . .." *World-wide Volkswagon v. Woodson*, 444 U.S. 286, 297 (1980).

"The Court's central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Mid-West Materials, Inc.*, F.Supp.2d at 731 (*quoting Calphalon v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). "The Sixth Circuit uses a 'stream of commerce plus' standard to determine whether a defendant has availed itself of the benefits of acting within Ohio . . . mere injection of a product into the stream of commerce, without more, is not enough for a finding that the defendant has purposefully availed itself of the privilege of acting in the forum." *Beightler v. Produkte Fur Die Medizin AG*, No. 3:07 CV 1604, 2007 WL 2713907, *2 (N.D. Ohio September 17, 2007) (holding in abeyance the determination of jurisdiction pending discovery when defendant had a website but did not have a bank account, assets, office, agency, employees or representative in Ohio and it was not registered or authorized to do business in Ohio) (citation omitted). "To be subjected to the court's jurisdiction, the defendant must have engaged in additional conduct which shows an intent to serve the forum state's market." *Lum v. Mercedes Benz, USA, LLC*, 433 F.Supp.2d 853, 856 (N.D. Ohio 2006) (holding defendant had not purposefully availed itself of privileges of doing

business in Ohio when it did not advertise or solicit business in Ohio, did not have a bank account, physical plant, office, agency or representative in Ohio and it was not registered or authorized to do business in Ohio) (citation omitted). "Such conduct might include: designing the product *for* the forum state's market, establishing channels for providing regular advice *to* the forum state's customers, or marketing through a distributor agreeing to serve as a sales agent *in* the forum state." *Id*. (citation omitted) (emphasis added). "Merely directing efforts toward the United States market generally does not suffice. There *must* as well *be a focus on the forum state*." *Beightler*, 2007 WL 2713907 at *3 (emphasis added). Further, passively posting a website containing information regarding services is insufficient for purposeful availment, rather, the website must at least be "interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 890 (6th Cir. 2002) (declining to decide whether a very interactive website would, alone, be sufficient to sustain jurisdiction).

Here, Soilworks is an Arizona Corporation that does not have an office, agency or representative physically present in Ohio. (Falkenberg Decl., Ex. A, at ¶ 11). Soilworks does not have a physical plant, employees, bank accounts or assets located in the State of Ohio. (*Id*. at ¶¶ 5, 6, 10). Soilworks does not specifically direct any advertising or solicitation towards the residents of Ohio. (*Id*. at ¶ 8). Soilworks has neither specifically designed a product directed at the customers of Ohio nor has it established any channels to provide advice specifically to Ohio residents. (*Id*. at ¶¶ 9, 10). Soilworks has done nothing more than passively post a website that is generally directed towards the international market. (*Id*. at ¶ 7). In fact, Soilworks' website is not intended to facilitate online purchases but, rather, to provide samples of its products upon request. (*Id*.)

Moreover, per Soilworks' most recent records, for the year 2007, nine (9) customers, which represent approximately two-tenths of one percent (.2%) of Soilworks total sales, have had products shipped to Ohio. (*Id*. at ¶ 13). These sales, alone, are not sufficient to establish a

concerted effort to specifically focus on and service the Ohio market. Soilworks has not subjected itself to the protection or benefit of the laws of the State of Ohio. Subsequently, no basis exists to support a claim of purposeful availment authorizing the exercise of jurisdiction over Soilworks. Accordingly, this Court must dismiss the present action.

**II. Midwest's Complaint Fails to State a Claim for Which Relief May be Granted and, Therefore, Should be Dismissed or, in the Alternative, Transferred for Consolidation with a Duplicative Original Action.**

    A. <u>Because Midwest's Claims are Compulsory Counterclaims that must be Filed in the Original Action, Midwest's Complaint Should be Dismissed.</u>

The claims alleged in Midwest's Complaint are claims required to be raised as counterclaims in the Original Action and, therefore, this action should be dismissed. "A pleading must state as a counterclaim any claim—that *at the time of its service*—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .." Fed. R. Civ. P. 13(a) (emphasis added). This requirement is an effort to "prevent multiplicity of actions and achieve resolution in a single lawsuit of all disputes arising out of common matters." *Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. (Ohio) 2003) (finding plaintiff's claim to be a compulsory counterclaim in the previous litigation and affirming the district court's decision to bar plaintiff from asserting it again). Rule 13(a) "was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Id.*; *see also Southern Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962) (same); 6 Fed. Prac. & Proc. Juris. 2d § 1417 (2008) ("failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim.").

The Sixth Circuit deems a claim compulsory if a "'logical relationship [exists] between the claim and counterclaim.'" *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89, 91 (N.D. Ohio 1991) (*quoting Maddox v. Kentucky Finance Co.*, 736 F.2d 380,

382 (6th Cir. 1984). Further, "every court that discussed the issue has recognized that an infringement counterclaim is compulsory in an action for declaration of noninfringement." *Vivid Technologies, Inc. v. American Science Engineering, Inc.*, 200 F.3d 795, 801-02 (Fed. Cir. 1999) (recognizing it is generally accepted that an action for declaration of noninfringement renders infringement claims compulsory and if not made then deemed waived); *Int'l Video Corp. v. Ampex Corp.*, 484 F.2d 634, 635 (9th Cir. 1973) (recognizing infringement counterclaim is compulsory when declaratory judgment for noninfringement sought); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 947 (Fed. Cir. 1993) (finding defendant in an action for declaratory judgment for noninfringement "must bring its charges of patent infringement . . . or be forever barred from doing so."); *Polymer Indus. Prod. Co.*, 347 F.3d at 938 ("Rule 13(a) makes an infringement counterclaim to a declaratory judgment action for noninfringement compulsory.").

Moreover, "an order that denies leave to amend the pleadings to advance an additional part of the claim . . . bars a second action on the part excluded from the first action . . .[a]ny error should be corrected by appeal in the first proceeding." 18 Fed. Prac. & Proc. Juris. 2d § 4412 (2008); *see also Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988) ("a court's denying leave to amend does not eliminate the possibility of claim preclusion as to untimely issues excluded." ); *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir. 1982) (finding it within the discretion of the court to deny a motion for leave to amend in the first action and that such denial supported claim preclusion); *Restatement (Second) of Judgments* § 25 comment b ("A mere shift in the evidence offered to support a ground held unproved in a prior action will not suffice to make a new claim avoiding the preclusive effect of the judgment. It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late.").

In the Original Action, Soilworks filed a complaint seeking, *inter alia*, declaratory judgment for noninfringement. *See* Original Action Complaint, Ex. B. Midwest, in turn, asserted several counterclaims including the alleged infringement of several of its marks. *See*

Original Action Answer and Counterclaims, Ex. C. Nearly a year to the day after the original counterclaims were filed and eight months after the pleading-amendment deadline, Midwest moved the court for leave to amend its counterclaims to include the mark "Synthetic Organic Dust Control®". *See* Original Action Motion for Order, Ex. D. The United States District Court for the District of Arizona concluded Midwest could have raised any claims relating to the mark "Synthetic Organic Dust Control®" when the original counterclaims were filed. *See* Original Action Order denying Motion for Order, Ex. F. In fact, the court noted Midwest did not contest it had deliberately omitted "Synthetic Organic Dust Control®" despite Soilworks having raised its omission during the course of discovery. *Id*. Midwest voluntarily omitted "Synthetic Organic Dust Control®" "because the level of proof would have been more difficult." *Id*. Accordingly, the court found Midwest's dilatory motion for leave to amend lacked any "good cause" for its delay and, therefore, denied the same. *Id*. Nevertheless, the claims Midwest chose to untimely raise in the Original Action and is currently attempting to assert before this Court, are required to be addressed in the Original Action. And, because the court ruled on and denied Midwest's motion for leave to amend, the only recourse available to Midwest is to appeal that denial in the Original Action proceedings—not the filing of a second suit. Consequently, this Court must dismiss Midwest's Complaint.

    B.    <u>Because This Action is Duplicative and Midwest is Impermissibly Engaging in Claim-Splitting, it Must be Dismissed</u>.

Midwest's Complaint must be dismissed because it seeks to use this Court's resources to inappropriately advance a duplicative action. "[T]hough no precise rule has evolved, the general principle [as between federal district courts] is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (addressing state and federal concurrent jurisdiction while distinguishing between simultaneous jurisdiction between federal district courts); *In re American Medical Systems, Inc*., 75 F.3d at 1088 (same). This rule against duplicative litigation, also referred to as 'claim splitting,' is the "other action pending' facet of

the res judicata doctrine." *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (citations omitted). "A duplicative suit is one that is 'materially on all fours with the other' and has such an identity of issues 'that a determination in one action leaves little or nothing to be determined in the other.'" *Cinemark USA, Inc.*, 66 F.Supp.2d at 885 (*quoting Smith v. Securities and Exchange Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997)). To avoid impermissible claim splitting and avoid the obvious difficulties of anticipating the effects of pending litigation, courts faced with duplicative suits may, among other things, dismiss the second suit, enjoin the parties from proceeding with it, or transfer and consolidate the two actions. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000). While distinct, the rule against duplicative litigation is related to the doctrine of claim preclusion and the power to dismiss a duplicative suit is intended to foster judicial economy and "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). Soilworks distributes environmentally-safe soil stabilizers, dust control agents and erosion control agents throughout the United States. After learning that Midwest, a Soilworks competitor, was disparaging Soilworks' reputation and products, Soilworks filed the Original Action seeking, *inter alia*, declaratory judgment for noninfringement. *See* Original Action Complaint, Ex. B. Midwest asserted counterclaims for, *inter alia*, trademark infringement alleging that Soilworks was infringing on several of its marks. *See* Original Action Answer and Counterclaims, Ex. C. Midwest opted to omit "Synthetic Organic Dust Control®" as a disputed mark "because the level of proof would have been more difficult." *See* Original Action Order denying Motion for Order, Ex. F. Nevertheless, Midwest sought to include "Synthetic Organic Dust Control®" in the Original Action, albeit nearly a year later, conceding that these claims had an identity of issues and legal questions and could have properly been resolved in the Original Action. This action is "materially on all fours" with the Original Action and concurrent jurisdiction between federal courts should be avoided. *Cinemark USA, Inc.*, 66 F.Supp.2d at 885. Accordingly, this Court must dismiss Midwest's Complaint and foreclose Midwest's improper attempt at claim-splitting.

C.  In the Alternative, Venue Should be Transferred for Consolidation with the Original Action.

This action should be transferred to the United States District Court for Arizona so that it may be consolidated with a pending action. "[I]n the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. Further, "[w]hen actions involving a common question of law or fact are pending before the court" consolidation is appropriate. Fed. R. Civ. P. 42. "The threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court . . . the issue [then] becomes whether the transfer is justified under the balance of the language of Section 1404(a)." *Shanehchian v. Macy's Inc.*, ___ F.R.D. ___, 2008 WL 1775418, * 1 (S.D. Ohio April 16, 2008).

While the Court has broad discretion when determining whether to transfer an action, "[a] district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *U.S. v. Cinemark USA, Inc.*, 66 F.Supp.2d 881, 886 (N.D. Ohio 1999) (*quoting Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Further, while "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 413 (6th Cir. 1998).

The balance of factors should weigh strongly in favor of transfer and deference to another court to avoid "the waste of judicial resources due to duplicative proceedings [because this waste] is not correctable on appeal" strongly supports transfer. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (reviewing on appeal the class certification of a class and finding the district court "would have been wise to consider [the] motion to dismiss or transfer venue because either ground could potentially obviate the need to expend judicial time . . ..") .

In the instant matter, Midwest's Complaint addresses the same facts, transactions and occurrences as those in the Original Action. The claims in the Original Action all seek to resolve

11

questions of noninfringement and/or patent or trademark infringement based on the same actions, products, parties, marks and patents. Not only is this a duplicative suit, but the parties, potential witnesses and evidence required to defend this claim are identical to those required in the Original Action. Moreover, to maintain this action would be to require the participation in two separate actions of all potential witnesses and force those, already present in Arizona, to travel to Ohio to offer the same evidence. Convenience of the private-parties and potential witnesses, fairness to all parties and judicial efficiency and system integrity dictate that this action be dismissed or, in the alternative, transferred so that it may be consolidated with the Original Action.

## CONCLUSION

Defendant Soilworks respectfully requests that the Court issue an order dismissing the Midwest's Complaint in its entirety on the grounds that Midwest fails to allege facts to state a claim against Soilworks for which relief can be granted and because this Court lacks personal jurisdiction over Soilworks. In the alternative, Soilworks respectfully requests that venue in this action be transferred to the United States District Court for the District of Arizona, where it may be consolidated with the previously filed and currently pending proceedings.

Respectfully submitted,


*/s/Elizabeth A. Ratliff*
Elizabeth A. Ratliff (0075673)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
Telephone:     (216) 479-6100
Facsimile:     (216) 479-6060
e-mail: earatliff@vorys.com

*Attorney for Defendant*
*Soilworks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2008, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/*Elizabeth A. Ratliff*
One of the Attorneys for Defendant