IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Industrial Supply, Inc. | ) | CASE NO: 5:08-CV-1374 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE OLIVER |
| -vs.- | ) | |
| | ) | |
| Soilworks, LLC | ) | |
| | ) | **REPORT OF PARTIES'** |
| Defendants. | ) | **PLANNING MEETING** |

    1. Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(b), a meeting was held on August 11, 2008, and was attended by:

    John M. Skeriotis, counsel for Plaintiff;

    Elizabeth A. Ratliff, counsel for Defendant.

    2. The parties:

_____ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;

__X___ will exchange such disclosures by _____;*

_____ have not been required to make initial disclosures.

* Plaintiff proposes that the parties exchange their Rule 26(a)(1) initial disclosures by August 22, 2008. Defendant proposes that parties exchange their initial disclosures within 20 days of the issuance of the Court's ruling on Defendant's pending motion to dismiss, with no discovery occurring prior to the parties' exchange of their initial disclosures.

    3. The parties recommend the following track:

____ Expedited      ___X__ Standard      ____ Complex
____ Administrative      ____ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

\_\_\_\_ Early Neutral Evaluation  \_\_\_\_ Mediation  \_\_\_\_\_ Arbitration
_____ Summary Jury Trial  _____ Summary Bench Trial
\_\_\_X\_\_\_ Case not suitable for ADR

5. The parties \_\_X\_\_ do not consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U. S. C. § 636(c).

6. Recommended Discovery Plan
   a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

   i. History and usage of the marks including their territory(ies).

   ii. Priority of the marks.

   iii. Decision(s) to proceed with use of mark in question.

   iv. Eight (8) factors associated with likelihood of confusion of the marks.

   v. Damages associated with use of the marks.

   vi. Sales of product(s) the mark was used in association with.

   vii. Contents of product(s) the mark was used in association with; product ingredient(s).

   viii. World Wide Web advertising which used mark.

   ix. World Wide Web keyword discovery including, but not limited to, hits, conversions, costs-per-click, etc.

   x. Prior use within the industry of the subject mark.

   xi. Validity of the mark.

xii. Generic nature of the mark.

xiii. Exclusivity of use of the mark.

    b.    Discovery cutoff date: Tuesday, March 31, 2009

    c.    Expert Discovery cutoff date: Friday, May 29, 2009

7. Recommended dispositive motion date: July 31, 2009 (~60 days after expert discovery cutoff).

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: Friday, January 9, 2009

9. Recommended date for a Status Hearing: Friday, June 5, 2009 (one week after expert discovery cutoff).

10. Other Matters for the Attention of the Court : None.

    /s/ John M. Skeriotis
    *One of the Attorneys for Plaintiff*

    /s/ Elizabeth A. Ratliff
    *One of the Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2008, a copy of the foregoing REPORT OF PARTIES PLANNING MEETING UNDER FED. R. CIV. P. and LR 16.3 (b) was filed electronically. Notice of this filing will be sent to the parties by operation of the of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Elizabeth A. Ratliff
*Attorney for Defendant*