IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST INDUSTRIAL SUPPLY, INC, | ) ) | CASE NO. 5:08 CV 1374 |
| | ) | JUDGE SOLOMON OLIVER |
| Plaintiff, | ) ) | |
| | ) | MAG. JUDGE BAUGHMAN |
| vs. | ) ) | |
| SOILWORKS, LLC, | ) ) ) | **MIDWEST INDUSTRIAL SUPPLY, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY FOR ITS OPPOSITION TO SOILWORKS, LLC'S ALTERNATIVE MOTION TO TRANSFER VENUE AND CONSOLIDATE** |
| Defendant. | ) ) ) | |

Midwest submits this notice of supplemental authority in further support of its *Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue and Consolidate* (ECF #12, the "Opposition"). The supplemental authority relates to Soilworks' alternative motion that this case should transferred to the Northern District of Arizona and consolidated with the separate, previously filed action between the parties (N.D. Ariz. Case No. 2:06-cv-02141-DGC, the "Arizona Action"). The authority provided by Midwest to the Court consists of: (1) the ruling by Northern District of Arizona on the parties' respective partial summary judgment motions in the Arizona Action, attached hereto as Exhibit A (Arizona Action, ECF #94); and (2) the final pretrial order in the Arizona Action, attached hereto as Exhibit B (Arizona Action, ECF #95).

This supplemental authority provides the Court with a full update as to the advanced status of the Arizona Action. The Arizona Action has been pending in the Northern District of Arizona since Soilworks' Complaint was filed there nearly two years ago. Discovery has closed in the Arizona Action and both parties have filed motions for

partial summary judgment. Most recently, on August 7, 2008, the Arizona District Court issued its ruling on the parties' respective summary judgment motions and, thus, determined the scope of the issues that will be litigated at trial in the Arizona Action. (See Exhibit A hereto.) The court also issued a pretrial order that set an October 2008 date for the final pretrial conference and September 2008 deadlines for the filing of motions *in limine* and proposed pretrial orders. (See Exhibit B hereto.) A trial date in the Arizona Action will be set at that time.

These orders recently issued by the Arizona District Court further confirm that the requisite considerations related to case transfers do not favor a transfer of this action to Northern District of Arizona. As discussed in Midwest's Opposition, consolidation of cases is not automatic. *See* Rule 42(a). Rather, the decision of whether or not to consolidate two cases is left to the discretion of court before which the two cases are pending. *See id.*

To suppose, as Defendant suggests, that this new case would necessarily – or even possibly - be consolidated with the Arizona Action if it is transferred to the Northern District of Arizona would be to ignore the vastly different stages of litigation in which these two cases now find themselves. *See, e.g., Cobasys, L.L.C. v. FMP Resistance Welding Supply Inc.*, 2008 WL 162588 (E.D. Mich. Jan. 17, 2008) (refusing to transfer a case to another district court where another case between the parties was pending based, in part, on the fact that the cases were at different stages of proceedings and stating that "[t]his Court will not presume . . . that the two actions would be consolidated nor can this Court find that at this stage of the litigation, consolidation would effect any justice at all."); *U.S. v. Vasi*, 1991 WL 557609 (N.D. Ohio Mar. 6, 1991) (refusing consolidation

on the basis that "the two cases do not really involve common questions of law and fact since they are at entirely different stages of development and that consequently, consolidation would not promote judicial economy and efficiency"). The Arizona Action is ready for trial while this case is in its infancy, making consolidation impracticable.

Finally, consolidation is a purely hypothetical discussion here anyway, in that Judge Campbell of the Arizona District Court has already refused to add the claims from this case to the Arizona Action.

Respectfully Submitted,

/s/ John M. Skeriotis
John M. Skeriotis (0069263)
BROUSE MCDOWELL
388 S. Main St., Suite 500
Akron, Ohio 44311-4407
Tel:  (330) 535- 5711
Fax: (330) 253-8601
jms@brouse.com

Craig A. Marvinney (0004951)
1001 Lakeside Ave, Suite 1600
Cleveland, Ohio 44114-1151
Tel: (216) 830-6836
Fax: (216) 830-6807
cam@brouse.com

*Attorneys for Plaintiff Midwest Industrial Supply, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing *Midwest Industrial Supply, Inc.'s Notice of Supplemental Authority for its Opposition to Soilworks' Alternative Motion to Transfer Venue and Consolidate* was filed electronically on this 21st day of August 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John M. Skeriotis
John M. Skeriotis

723925.2