IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Industrial Supply, Inc.<br>1101 – 3rd St. S.E.<br>Canton, OH 44707<br><br>Plaintiff,<br><br>-vs.-<br><br>Soilworks, LLC,<br>681 North Monterey Street<br>Suite 101<br>Gilbert, Arizona 85233<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:08CV 1374<br><br>JUDGE OLIVER<br>MAGISTRATE JUDGE BAUGHMAN<br><br>**SOILWORKS LLC'S OPPOSTION TO MIDWEST'S MOTION FOR LEAVE TO FILE INSTANTER A SUR-REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO SOILWORKS' MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE** |

Defendant Soilworks, LLC, ("Soilworks"), opposes Plaintiff Midwest Industrial Supply, Inc.'s ("Midwest") Motion for Leave to File Instanter a Sur-reply in Further Support of its Opposition to Soilworks Motion to Dismiss or in the Alternative Transfer Venue.

Soilworks filed a Motion to Dismiss or in the Alternative Transfer Venue on July 3, 2008 ("Motion"). On August 7, 2008, Midwest filed its Opposition to Soilworks' Motion ("Opposition"). On August 15, 2008, a Case Management Conference ("CMC") was held whereby this Court expressed interest in Soilworks expounding on the relevant facts upon which Soilworks relies in its assertions that (i) these claims are compulsory counterclaims in an action pending before the United States District Court for the District of Arizona ("Original Action"); and (ii) Arizona is the proper venue for this action.

When Soilworks filed its Reply to Midwest's Opposition on August 25, 2008 ("Reply"), it addressed the factual matters this Court referenced in the CMC. Soilworks did not include or

assert any new arguments but, rather, included more facts underlying the Original Action and, hence, those underlying Soilworks' Motion. Because all information contained in Soilworks' Reply has been filed in motions or pleadings in the Original Action, it is not new to Midwest.

Midwest improperly distorts Soilworks' Reply in an effort to wrongfully put before this Court yet another uninvited brief.[1] Despite all the Original Action claims listed in the Reply, Midwest inartfully extracts one specific claim[2], re-names it and then attempts to re-frame Soilworks' position by improperly narrowing it to be that these claims are compulsory solely based on Midwest's whimsically extracted claim. Soilworks' position, consistent in its Motion and Reply, is that these claims are compulsory because they arise from the same transactions and occurrences. The genesis of Midwest's "new argument" theory is either a result of Midwest's undernourished understanding of the law or its unyielding effort to contort it beyond recognition.

Moreover, Midwest effectively obviated the need to file a Motion for Leave when it attached its proposed Sur-Reply to its Motion. This Court should reject Midwest's attempt to submit multiple briefing–particularly because, under these circumstances, allowing supplemental briefs, sur-replies, and sur-sur-replies in response to sur-replies, opens the door to serial and perpetual briefing of the same issues. Soilworks respectfully requests that this Court enter an order denying Midwest's Motion for Leave to File a Sur-Reply.

---

[1] At the CMC this Court, in response to Midwest's request to file a supplemental brief, advised Midwest that supplemental briefing was unnecessary. Nevertheless, Midwest filed a supplemental brief.

[2] In its Reply, Soilworks italicized one claim: "*false representations that Midwest owns a proprietary position with regard to its products*." This claim was not italicized in an effort to limit Soilworks' position. Rather, this claim was italicized to highlight the transactions and occurrences giving rise to this claim and the evidence required to prove it and/or defend against the same. "A trademark is a proprietary term that is usually registered with the Patent and Trademark Office to assure its exclusive use by its owner." *The Random House Dictionary* 2007 (1st ed. 1987). This Original Action claim was italicized in the Reply because it addressed Midwest's false representations that Midwest owned a proprietary interest and, hence, trademarks with regard to its products. Much to the chagrin of Midwest, the use of italics does not narrow Soilworks' position to be that of false advertising claims rendering trademark infringement claims compulsory. Neither Soilwoks, nor Midwest, can limit the nature of compulsory counterclaims to solely one clam that was raised in the Original Action. All of the Original Action's underlying transactions and occurrences, regardless of the specific claims asserted, are relevant when determining whether the current claims have a "logical relationship" to those in the Original Action. *See Keith A. Keisser Ins. Agency, Inc., v. Nationwide Mut. Ins. Co.*, 246 F.Supp.2d 833, 835 (N.D.Ohio 2003) (claims were logically related when the "individual claims whether state or federal, contract or tort, common law or statutory, arise from that relationship and share a common core.") (citations omitted).

Respectfully submitted this 5th day of September, 2008.

                            KUTAK ROCK LLP

                            /s E. Scott Dosek
                          E. Scott Dosek (AZBN #012114)
                          8601 North Scottsdale Road, Suite 300
                          Scottsdale, AZ 85253
                          Telephone: (480) 429-5000
                          Facsimile: (480) 429-5001
                          Scott.dosek@kutakrock.com

                          **LOCAL COUNSEL:**
                          Elizabeth A. Ratliff (#0075673)
                          VORYS, SATER, SEYMOUR AND PEASE LLP
                          2100 One Cleveland Center
                          1375 East Ninth Street
                          Cleveland, OH 44114
                          Telephone: (216) 479-6103
                          Facsimile: (216) 937-3737
                          earatliff@vorys.com
                          *Attorneys for Defendant Soilworks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008, the foregoing "Soilworks LLC's Opposition to Midwest's Motion for Leave to File Instanter a Sur-Reply in Further Support of its Opposition to Soilworks' Motion to Dismiss, in the alternative, Transfer Venue" was filed electronically. Notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Amy S. Fletcher